## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## AT CINCINNATI
## CIVIL CASE NO: 11-277-SAS-JGW

**KELVIN LOVETT**                                                                     **PLAINTIFF**

**V.**

**OFFICER STEVEN COLE, et al.**                                          **DEFENDANTS**


### MEMORANDUM ORDER

Plaintiff, an inmate, has filed this pro se civil rights action under 42 U.S.C. § 1983.  Doc.
3.  United States Magistrate Judge Karen Litkovitz has entered an order granting plaintiff's
motion for leave to proceed in forma pauperis [Doc. 2] and a report and recommendation
recommending that plaintiff's claims against a warden and deputy warden be dismissed.[1]  Doc.
5.  Pending now are two motions by plaintiff.  First, plaintiff requests leave to amend his
complaint.  Doc. 11.  Second, plaintiff has submitted a letter to the presiding district judge styled
"motion for relief."[2]  Doc. 12.

### A.  Motion for Leave to Amend Complaint

Plaintiff seeks leave to amend his complaint to clarify that he is suing the defendants both
individually and in their official capacities.  Federal Rule of Civil Procedure 15(a)(2) provides

---

[1]Plaintiff's objections to that report and recommendation are pending before the presiding
district judge.  Doc. 10.

[2]Plaintiff has also filed a motion for an injunction pendente lite.  Doc. 4.  However,
unless the parties consent to final disposition by a magistrate judge, a motion for injunctive relief
must be addressed by the presiding district judge. *See* 28 U.S.C. § 636(b)(1)(A)
("Notwithstanding any provision of law to the contrary . . . a judge may designate a magistrate
judge to hear and determine any pretrial matter pending before the court, except a motion for
injunctive relief . . . .").

1

that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Amendment is particularly apt at this time as defendants have not yet filed an answer or other responsive pleading.

Inmates seeking damages under § 1983 are "required to set forth clearly in their pleadings" whether they are "suing state officials in their individual capacities rather than in their capacities as state officials." *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995). An ambiguous complaint will be construed as having been brought against state officers in their official capacities. *Id.* Plaintiff's complaint does not specify whether the defendants are being sued in their individual or official capacities. Plaintiff should be aware, however, that only prospective injunctive relief is permitted in actions against state officials in their official capacities under 42 U.S.C. § 1983.[3] *See, e.g., Gean v. Hattaway*, 330 F.3d 758 (6th Cir. 2003).

Plaintiff's motion to amend his complaint will be granted but plaintiff should not submit a new complaint since the only relief he requests is to clarify that defendants are being sued in both their individual and official capacities. Instead, by virtue of this order, plaintiff's complaint shall be construed to raise both official capacity and individual capacity claims against all defendants.

**B.  Motion for Relief**

Plaintiff states in his motion for relief that he has been denied recreation and shower privileges. Plaintiff further states that he has filed an informal complaint but has not been provided the forms with which to file a formal grievance.

A prisoner is required to exhaust all administrative remedies before seeking judicial

---

[3]Plaintiff does seek injunctive relief in his complaint. Doc. 3, p. 8.

relief.  *See, e.g., Woodford v. Ngo*, 548 U.S. 81 (2006).  Plaintiff has not exhausted his administrative remedies because he has not completed the grievance process.  Moreover, the officers listed in the motion for relief are not named defendants in this action.  Plaintiff is not entitled to relief at this time, therefore.  The Court is confident that prison officials will provide plaintiff with applicable grievance forms, upon proper request and to the extent permitted by applicable prison rules, regulations and procedures.

For the foregoing reasons, it is **ORDERED**:

1.  Plaintiff's motion for leave to file an amended complaint [Doc. 11] is **granted** to the extent that plaintiff's current complaint shall be construed as setting forth both individual and official capacity claims against all defendants; and

2.  Plaintiff's motion for relief [Doc. 12] is **denied**.

This the 1st day of June, 2011.                         s/ J. Gregory Wehrman
                                                             J. Gregory Wehrman
                                                             United States Magistrate Judge