UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL CASE NO: 11-277-SAS-JGW

KELVIN LOVETT                                           PLAINTIFF

V.

OFFICER STEVEN COLE, et al.                             DEFENDANTS

REPORT AND RECOMMENDATION[1]

Pending is plaintiff's motion for an injunction pendente lite. Doc. 4. For the following reasons, I recommend the motion be denied.[2]

Pro se plaintiff is currently incarcerated at the Southern Ohio Correctional Facility. Plaintiff alleges in his complaint that he was beaten by defendants, who are correctional officials at Lebanon Correctional Institution, where plaintiff was previously housed. Plaintiff requests an injunction pendente lite because "defendants have often retaliated against" prisoners who "exercise . . . their rights." Doc. 4, p.2. Although not mentioned in his motion for an injunction, plaintiff's complaint states that he seeks an injunction "proscribing the defendants . . . use of Mace called 'Fox' at Le.C.I.3. [presumably Lebanon Correctional Institution]" and to prohibit "defendants, their heirs, assignees and/or subordinates from any other unsupervised or not video taped contact with the Plaintiff . . . ." Doc. 3, p.8.

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2]Because the parties have not consented to final disposition by a magistrate judge, the motion for injunctive relief must be ultimately resolved by the presiding district judge. *See* 28 U.S.C. § 636(b)(1)(A) ("Notwithstanding any provision of law to the contrary . . . a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief . . . .").

An injunction pendente lite is synonymous with a preliminary injunction.  *See* 11A Fed. Prac. & Proc. Civ. §2947 (2d ed.) ("Preliminary injunctions sometimes are referred to as injunctions pendente lite, or as temporary or interlocutory injunctions.").  When considering a motion for a preliminary injunction, a court should consider four factors:

> (1) whether the movant has a strong likelihood of success on the merits;
> (2) whether the movant would suffer irreparable injury without the injunction;
> (3) whether issuance of the injunction would cause substantial harm to others; and
> (4) whether the public interest would be served by the issuance of the injunction.

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).

Since plaintiff is no longer housed at the Lebanon Correctional Facility, he will no longer be in contact with defendants.  Additionally, plaintiff would lack standing to request a prospective prohibition on the usage of mace at a facility in which he is not housed.  Indeed, plaintiff admits in his complaint that defendants did not use mace against him.  *See* Doc. 3, p. 7 ("I was lucky in only this since I was not maced . . . .").  Thus, the motion for an injunction could be denied as moot.

Plaintiff's motion also fails on the merits.  Since plaintiff no longer is subjected to contact with defendants, he would not suffer irreparable injury by defendants (i.e., retaliation) if an injunction is not issued.  And no tangible public interest would be served in absolutely prohibiting the officers at the Lebanon Correctional Institution from using mace, especially since plaintiff does not reside at that institution and was not subjected to mace.  The staff of the Lebanon Correctional Institution, like all correctional facilities, must be able to appropriately control the inmate population. At least one Ohio court has held that it is permissible for correctional officials to use mace on inmates if necessary to maintain order and security.  *See*

*Darst v. Ohio Dept. of Rehab. & Corr.*, 610 N.E.2d 625, 628 (OhioCt.Cl. 1988). Thus, issuing an injunction prohibiting the staff of the Lebanon Correctional Institution from using mace would have the potential to cause substantial harm to both the staff and inmates by reducing the security of that facility.

Finally, plaintiff has offered nothing in his motion for an injunction to demonstrate that he is likely to prevail on the merits, choosing instead to only rely upon the allegations contained in his complaint. In response, defendants deny violating plaintiff's rights or any applicable laws [Doc. 20, p. 2] and stress that correctional officers are permitted to use force when necessary to maintain order and security in penal institutions. Doc. 21, p.3. Taking into account all of the facts and circumstances of this case, therefore, plaintiff has not demonstrated a high likelihood of success on the merits.[3]

For the foregoing reasons, it is **RECOMMENDED**:

Plaintiff's motion for an injunction pendente lite [Doc. 4] should be **denied**.

This the 7th day of July, 2011.

s/ J. Gregory Wehrman  
J. Gregory Wehrman  
United States Magistrate Judge

---

[3]Due to plaintiff's incarceration and the patent lack of merit in the motion for an injunction pendente lite, the Court may resolve the motion without first conducting the informal preliminary conference generally called for in LR 65.1(a). ("In most cases the Court will not hear or rule on any application for a temporary restraining order or a preliminary injunction until after the Court holds an informal preliminary conference with all parties.").

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## AT CINCINNATI
## CIVIL CASE NO: 11-277-SAS-JGW

**KELVIN LOVETT**                                                    **PLAINTIFF**

**V.**

**OFFICER STEVEN COLE, et al.**                              **DEFENDANTS**

### NOTICE

    Attached hereto is the Report and Recommendation of the Honorable J. Gregory Wehrman, United States Magistrate Judge.  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).