```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

KELVIN R. LOVETT,              :
                               :      NO. 1:11-CV-277
       Plaintiff,             :
                               :
   v.                          :      **OPINION AND ORDER**
                               :
OFFICER STEVEN COLE, et al.,   :
                               :
       Defendant.             :

This matter is before the Court on the Magistrate Judge's Order and Report and Recommendation, (doc. 5), to which Plaintiff filed an Objection "in part," (doc. 10). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety and DISMISSES Plaintiff's claims against Defendants Harris and Brunsman.

**I.   Background**

Plaintiff Kelvin Lovett brings this civil rights action under 42 U.S.C. § 1983 (Id.). The Magistrate Judge offered a comprehensive review of the facts in this matter, which the Court incorporates by reference (doc. 5). Plaintiff is currently an inmate at the Southern Ohio Correctional Facility ("SOCF") and a former inmate at the Lebanon Correction Institution ("LeCI") (Id.). Plaintiff filed a pro se Complaint, (doc. 1), on May 2, 2011 against LeCI Corrections Officers Steven Cole, Newsome, Kevin Brown, Mathis, Drummond, and Roles, LeCI Lt. Buckhalter, LeCI Deputy Warden Shay Harris, and LeCI Warden Timothy Brunsman

(collectively "Defendants"), alleging that Plaintiff sustained injuries as a result of Defendants' use of excessive force (Id.). First, Plaintiff alleges a claim of excessive use of force in violation of the Eighth Amendment by Defendants Cole, Brown, Mathis, Drummond, Roles, and Newsome (doc. 5).  Plaintiff also alleges a claim of deliberate indifference to safety in violation of the Eighth Amendment against Defendant Buckhalter (Id.).

      Plaintiff alleges the following facts: On January 14, 2011, Defendants Brown, Roles, and Newsome beat Plaintiff about the head, face, and arms until Plaintiff lost consciousness (Id.). When Plaintiff regained consciousness, Defendant Mathis placed Plaintiff in handcuffs, escorted Plaintiff downstairs, and repeatedly rammed Plaintiff's face into the wall (Id.). Defendants Cole, Mathis, Drummon, and Newsome then allegedly took Plaintiff to a room in the infirmary where they beat Plaintiff about his side, arms, and legs for five to eight minutes (Id.).  Plaintiff contends that Defendant Buckhalter was present in the infirmary and failed to take any action to stop the beating (Id.).  Plaintiff also alleges that as a result of the beatings, he suffered massive bleeding, bruising, swelling, and a loss of hearing in his left ear for seven days (Id.).  Plaintiff further contends that Deputy Warden Harris is Defendant Buckhalter's supervisor and that Warden Brunsman ordered a Use of Force investigation in his case, but otherwise has not taken action in response to Plaintiff's

complaints (Id.).

**II. The Magistrate Judge's Report and Recommendation (doc. 5)**

The Magistrate Judge conducted a sua sponte review to determine whether the Complaint, or any portion thereof, should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

In her Report and Recommendation, the Magistrate Judge determined that Plaintiff failed to state a claim of relief against defendants LeCI Deputy Warden Harris and LeCI Warden Brunsman because Plaintiff did not present any factual allegations supporting a direct claim against them, and a claim based on respondeat superior is not permissible under 42 U.S.C. § 1983, the statute under which Plaintiff seeks relief (doc. 5). Accordingly, the Magistrate Judge found that Plaintiff's complaint against Defendants Harris and Burnsman should be dismissed for failure to state a claim under § 1983 (Id.).

The Magistrate Judge noted that it appears that the LeCI Deputy Warden and LeCI Warden are named as Defendants because of their respective supervisory positions they hold in the prison (Id.). However, the Magistrate Judge also noted that respondeat superior does not apply to Section 1983 claims and may not serve as a basis for liability on defendants Harris and Brunsman. See

3

Ashcroft v. Iqbal, 129 S. Ct 1937, 1948 (2009); Monell v. Dep't of Social Serv., 436 U.S. 658 (1978); Hill v. Marshall, 962 F.2d 1209, 1213 (6th Cir. 1992). In fact, "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Moreover, a superior may not be held liable under § 1983 for the misconduct of his employees unless the plaintiff demonstrates that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." Id.

The Magistrate Judge highlighted that "at a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Hays v. Jefferson Cnty. Ky., 668 F.2d 869, 874 (6th Cir. 1982). Additionally, the Magistrate Judge underscored that Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002). Where a supervisor is found to have abandoned the specific duties of his position, such as adopting and implementing a particular operating procedure, liability is direct, not vicarious. Taylor v. Mich. Dep't of Corrections, 69 F.3d 76 (6th Cir. 1995).

The Magistrate Judge concluded that Plaintiff failed to

4

allege that the Deputy Warden or Warden were present during or directly participated in the alleged assaults against Plaintiff by the LeCI corrections officers (doc. 5). The Magistrate Judge additionally determined that Plaintiff did not allege facts showing that either Defendant Harris or Brunsman approved, encouraged, or implicitly authorized the alleged use of excessive force (Id.). The Magistrate Judge stated that the mere fact that Defendant Harris is the Deputy Warden of LeCI and Defendant Brunsman is the Warden of LeCI is not sufficient enough to impose liability pursuant to Section 1983 (Id.). Thus, the Magistrate Judge recommended that the Section 1983 claims against Defendants Harris and Burnsman should be dismissed.

### III. Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (doc. 10)

The parties were served with the Magistrate Judge's Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(C), including the notice that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff filed an Objection,(doc. 10), in timely fashion on May 11, 2011. Essentially, Plaintiff objects to Defendants Harris' and Brunsman's recommended dismissal from his lawsuit (Id.). Plaintiff alleges that both Defendants know that excessive force is used often at LeCI, yet neither

Defendant does anything to stop such force from being used, thus resulting in a grave injustice to LeCI inmates (Id.). However, Plaintiff does admit that Defendants Harris' and Brunsman's participation in this instance was indirect, through their supervisory positions at LeCI (Id.).

**IV. Conclusion**

Having reviewed this matter pursuant to 28 U.S.C. § 636(b), the Court finds no clear error on the face of the records and further finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 5), and DISMISSES Defendants Harris and Brunsman from this matter.

SO ORDERED.

Date: July 12, 2011     s/S. Arthur Spiegel

                             S. Arthur Spiegel
                             United States Senior District Judge