UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
AT CINCINNATI
CIVIL CASE NO: 11-277-SAS-JGW

KELVIN LOVETT                                              PLAINTIFF

V.

OFFICER STEVEN COLE, et al.                                DEFENDANTS

### REPORT AND RECOMMENDATION[1]

Plaintiff has filed this pro se civil rights action under 42 U.S.C. § 1983.  Doc. 3.  Pending now is plaintiff's motion for default judgment.  Doc. 19.  For the following reasons, the motion should be denied.

On May 2, 2011, plaintiff submitted a motion for leave to proceed in forma pauperis. Doc. 1.  On May 4, 2011 United States Magistrate Judge Karen Litkovitz issued an order granting plaintiff's motion to proceed in forma pauperis [Doc. 2], and a separate order requiring the United States Marshal to serve a copy of the complaint and summons upon defendants.  Doc. 5.  On May 5, 2011 a summons was issued to defendants [Doc. 6] but the record does not reflect the precise date when defendants were served.

On June 10, 2011 defendants filed a motion for an extension of time to file their answer. Doc. 14.  That motion stated that it "appears the . . . defendants were served on May 31, 2011." Doc. 14, p.1, n.1.  On June 17, 2011 I granted defendants' motion for an extension and permitted them to have until July 5, 2011 in which to answer plaintiff's complaint.  Doc. 16.  Nonetheless,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

1

plaintiff filed this motion for default judgment on June 29, 2011–before the July 5 deadline for defendants to file their answer. Doc. 19.

Plaintiff contends in the motion for default judgment that defendants were served on May 18, 2011, which would mean that defendants' twenty-one days to file an answer[2] had already expired before June 10, 2011, when defendants sought an extension of time to file an answer. Doc. 19, p.2. But plaintiff offers ***nothing*** beyond conjecture to support his contention that defendants were served on May 18. Plaintiff, therefore, has not met his burden to show that defendants are in default.

In addition to failing on its merits, plaintiff's motion is also procedurally flawed. Plaintiff did not request an entry of default from the Clerk of Court before filing this motion for default judgment. This Court has held that "[b]efore a plaintiff may obtain default judgment under Federal Rule of Civil Procedure 55(b), the plaintiff must request an entry of default judgment from the clerk. . . . Because the record demonstrates that the pro se Plaintiff never requested an entry of default from the clerk, it was improper for Plaintiff to move for default judgment." *Davis v. Hanna*, 2010 WL 1956579, at *1 (S.D. Ohio May 13, 2010) (citing *Heard v. Caruso*, 351 Fed.Appx. 1, 15-16 (6th Cir. 2009)).

For the foregoing reasons, **IT IS RECOMMENDED**:

Plaintiff's motion for default judgment [Doc. 19] should be **denied**.

August 5, 2011.                              s/ J. Gregory Wehrman
                                             J. Gregory Wehrman
                                             United States Magistrate Judge

---

[2] *See* Fed.R.Civ.P. 12(a)(1) (generally requiring defendant to file an answer within 21 days of being served with a summons and complaint).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI
CIVIL CASE NO: 11-277-SAS-JGW

**KELVIN LOVETT**                                                                          **PLAINTIFF**

**V.**

**OFFICER STEVEN COLE, et al.**                                                **DEFENDANTS**

## NOTICE

Attached hereto is the Report and Recommendation of the Honorable J. Gregory Wehrman, United States Magistrate Judge.  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).