UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KELVIN LOVETT, | : | NO. 1:11-CV-00277 |
| Plaintiff, | : | |
| vs. | : | **OPINION AND ORDER** |
| OFFICER STEVEN COLE, et al., | : | |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's July 7, 2011 Report and Recommendation (doc. 23), to which Plaintiff filed an Objection (doc. 30), and to which Defendants filed a Reply (doc. 37). Also before the Court is the Magistrate Judge's August 5, 2011 Report and Recommendation, to which no objection was filed. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations in all respects.

**I. Background**

This case is a pro se civil rights action in which Plaintiff, an inmate in state custody, alleges he was severely beaten by a number of prison correctional officers at Lebanon Correctional Institution ("LCI")(doc. 76). Plaintiff moved for an injunction pendente lite (doc. 4), consistent with his Complaint, in which he requests an injunction "proscribing the defendants. . .use of Mace," and to prohibit "defendants, their heirs, assigness

and/or subordinates from any other unsupervised or not video-taped contact with Plaintiff" (doc. 3).  Plaintiff has further moved for default judgment against Defendants (doc. 45).

## II.  The Magistrate Judge's Reports and Recommendations

### A.  Plaintiff's Request for an Injunction

The Magistrate Judge recommended that Plaintiff's request for injunctive relief be denied (doc. 23).  The Magistrate Judge noted that Plaintiff is no longer housed at LCI, such that he will no longer be in contact with Defendants (<u>Id</u>.).  Moreover, the Magistrate Judge found Plaintiff lacks standing to prohibit the use of mace at a facility where he is not housed (<u>Id</u>.).  Plaintiff even admits Defendants never maced him (<u>Id</u>.).  Under these facts, the Magistrate Judge found Plaintiff's motion moot.

The Magistrate Judge further found that Plaintiff's motion fails on the merits as he has not demonstrated he would suffer irreparable injury absent an injunction, as he no longer has contact with Defendants by virtue of his placement in a different facility (<u>Id</u>.).  Further, the Magistrate Judge found no public interest would be served by issuing a prohibition on the use of mace at LCI, since Plaintiff is not at LCI, and he was never subjected to mace (<u>Id</u>.).  Finally, the Magistrate Judge found Plaintiff offered nothing in his motion to show he is likely to prevail on the merits (<u>Id</u>.).

Plaintiff responded that he fears he is facing the threat

2

of serious injury, although he has been tranferred to the Southern Ohio Correctional Facility ("SOCF") (doc. 30). Plaintiff claims the correctional officers at SOCF have planted a weapon in his cell (Id.). He further claims he faces the thought of being beaten or set-up daily, which constitutes constant retaliation (Id.). He further requests an order for the production of "in-camera records (involving a planted weapon; which does not contain [his] fingerprints, nor any gloves to hide any prints)."

Defendants replied that his objections differ altogether from his original request for an injunction, and that his request for production regarding evidence at SOCF is inappropriate. To the extent that Plaintiff did not respond to the Magistrate Judge's Report and Recommendation, Defendants ask the Court to deny his objections and adopt the Magistrate Judge's Report and Recommendation.

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct. The Court sees no evidence that Plaintiff is at risk for retaliation by LCI correctional officers as he is no longer housed at LCI. Further there is no basis for injunctive relief with regards to mace, for the same reason, and due to the fact that mace was not used against Plaintiff. Finally, the Court agrees with Defendants that Plaintiff's request for discovery relating to a weapon at SOCF is unrelated to this case and to the instant motion.

For all of these reasons the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 23), and DENIES Plaintiff's request for injunctive relief (doc. 4).

**B. Plaintiff's Motion for Default Judgment**

Plaintiff further has moved the Court for default judgment, claiming the Defendants were late in filing an Answer to his Complaint (doc. 19). The Magistrate Judge found that Plaintiff failed to offer any proof regarding the date of service on Defendants, such that he has failed to show they were in default (doc. 45). Moreover, the Magistrate Judge found Plaintiff's motion procedurally flawed, as Plaintiff failed to request an entry of default with the Clerk of Court before filing his motion, as required by Fed. R. Civ. P. 55 (b). Neither party filed an objection to the Magistrate Judge's Report and Recommendation.

Proper Notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation correct. Plaintiff has no basis on the merits for default judgment, and his motion is procedurally flawed. Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's

4

Report and Recommendation and DENIES Plaintiff's motion (doc. 19).

## III.  Conclusion

For the reasons articulated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations (docs. 23, 45), DENIES Plaintiff's Motion for Injunction Pendente Lite (doc. 4), and DENIES Plaintiff's Motion for Default Judgment (doc. 19).


SO ORDERED.


DATED: January 10, 2012   /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge

6