```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | | |
|---|---|---|
| KELVIN LOVETT, | : | NO. 1:11-CV-00277 |
| Plaintiff, | : | |
| vs. | : | **OPINION AND ORDER** |
| OFFICER STEVEN COLE, et al., | : | |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 139), to which Plaintiff filed an Objection (doc. 145), and to which Defendants filed a Response (doc. 146). The Court granted time for further briefing as to Objections to the Report and Recommendation (doc. 148), which Plaintiff filed (doc. 149), as did Defendants (doc. 150). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, GRANTS Defendants' Motion for Summary Judgment (doc. 129), and DISMISSES this matter from the Court's docket.

**I. Background**

This case is a *pro se* civil rights action in which Plaintiff, an inmate in state custody, alleges he was severely beaten by a number of prison correctional officers at Lebanon Correctional Institution ("LCI")(doc. 76). Defendants have moved for summary judgment on the basis that video tape evidence and

medical record evidence does not support Plaintiff's allegation that he was severely beaten (doc. 139). In fact, such evidence shows Plaintiff walked away from the scene of the altercation, as opposed to being knocked unconscious, and the medical record shows Plaintiff suffered a number of minor lacerations (Id.).

**II.  The Magistrate Judge's Report and Recommendation**

The Magistrate Judge thoroughly reviewed the record, and concluded that even drawing all reasonable inferences in Plaintiff's favor, there is no genuine dispute that Defendants' actions did not amount to excessive force in violation of the Eighth Amendment (doc. 139). The Magistrate Judge found that Defendants' declarations, the incident, medical and use of force reports all comport with one another and the surveillance video (Id.). Plaintiff admits he broke a rule and disobeyed Officer Brown's direct order to return to his cell (Id.). Defendant Brown then pushed Plaintiff with two hands into his cell (Id.). At that point, Plaintiff is out of video camera range, though Brown is visible and can be seen in a defensive stance, holding Plaintiff off, so to speak, while calling for back-up (Id.). Multiple officers respond with action that takes place off camera, but Plaintiff emerges in handcuffs and is led away as he walks under his own volition (Id.).

The Magistrate Judge noted that the factors to consider in determining whether Defendants' conduct reflected a wanton

2

infliction of pain militated in Defendants' favor (Id.). Plaintiff's injuries were relatively minor, and the need for application of force was substantial and justified in light of Plaintiff's rule-breaking and disobedience (Id.). Plaintiff was both disobedient and fighting back, such that Defendants were entitled under policy to use harsher techniques than they actually employed to subdue Plaintiff (Id.).

The Magistrate Judge further concluded that because Defendants have produced substantial evidence supporting their asssertion that no genuine dispute exists and they are entitled to summary judgment, the burden shifts to Plaintiff to present specific facts showing a genuine dispute for trial (Id.). The Magistrate Judge found that Plaintiff has failed to do so (Id.). Plaintiff's allegations are contradicted by record evidence showing the amount of force applied against him was necessary to restore security and discipline following Plaintiff's rule violation and disobedience (Id.). Although Plaintiff alleges he received a savage beating at the hands of Defendants, such allegation is contradicted by the record, particularly the video showing him walking away in handcuffs, and the medical evidence showing relatively minor injuries (Id.). As such, the Magistrate Judge found that Defendants followed policies in place, used the amount of force necessary, did not use excessive force, and are entitled to summary judgment (Id.).

**III.  Discussion**

The Court has reviewed the briefing of the parties and finds Defendants' position correct that Plaintiff merely reiterates his previously offered legal conclusions and contradicted allegations (docs. 146, 150).  It is established that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, at 380 (2007).  Defendants' version of events is supported by the entire record, including video tape evidence, while Plaintiff's is not.  Under these circumstances the Court agrees that there is no genuine issue of material fact that Defendants acted reasonably and are entitled to both qualified immunity and to summary judgment.

**IV.  Conclusion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thoughtful, well-reasoned, and correct.  Plaintiff's claim for excessive force is not supported by the record, and Defendants' motion for summary judgment is well-taken.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 139) in all respects, GRANTS Defendants' Motion for Summary Judgment (doc. 129), and in

addition FINDS Defendants are entitled to qualified immunity.  This matter is dismissed from the Court's docket.

       SO ORDERED.


DATED: March 26, 2013      <u>s/S. Arthur Spiegel</u>
                                  S. Arthur Spiegel
                                  United States Senior District Judge