UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN R. LOVETT,      Case No. 1:11-cv-277

    Plaintiff,     Judge Timothy S. Black

vs.

STEVEN COLE, *et al.*,

    Defendants.

**ORDER DENYING
PLAINTIFF'S MOTION FOR SANCTIONS (Doc. 177)**

This civil action is before the Court on Plaintiff's motion for sanctions (Doc. 177) and the parties' responsive memoranda (Docs. 181, 186).[1]

### I.     BACKGROUND FACTS

Plaintiff moves the Court to sanction Defendants for failure to preserve visual evidence critical to Plaintiff's claim, including video footage and still photographs of Plaintiff's injuries and cell. (Doc. 177 at PageID 670).

Plaintiff alleges that correctional officers at Lebanon Correctional Institution ("LeCI") used excessive force and he suffered serious and painful injuries as a result. (Doc. 177 at PageID 672). Specifically, on January 14, 2011, Plaintiff was "out-of-place" and ordered to return to his cell by Defendant Brown. (*Id.*) Plaintiff complied

---

[1] Defendants filed a motion for a hearing on this issue. (Doc. 192). The Court finds the pleadings are clear on their face, and that oral argument and/or an evidentiary hearing is not necessary. *See Whitescarver v. Sabin Robbins Paper Co.*, Case No. C-1-03-911, 2006 U.S. Dist. LEXIS 515243, at *7 (S.D. Ohio July 27, 2006) (C.J. Dlott) ("Local Rule 7.1(b)(2) leaves the court with discretion whether to grant a request for oral argument."). Additionally, Plaintiff's motion to strike Defendants' motions for hearings (Docs. 193, 194) is **DENIED** as **MOOT**.

with Defendant Brown's order and returned to his cell.  (*Id.*)  Approximately 30-40 minutes later, Defendant Brown ordered Plaintiff out of his cell so that he could search it for contraband as a result of Plaintiff being "out-of-place." (*Id.*)  Following Defendant Brown's search of the cell, a physical altercation among Plaintiff and Defendants ensued. (*Id.*)

It is undisputed that LeCI's video surveillance equipment captured the January 14, 2011 incidents, and that still photographs were taken of Plaintiff's physical injuries and his cell.  (Doc. 177 at PageID 672).  However, Defendants failed to preserve the video footage of the "out-of-place" incident and the photographs in digital form.  (*Id.*)

## II.     STANDARD OF REVIEW

This Court has the inherent authority to sanction bad faith conduct without regard to whether such conduct could be sanctioned under other applicable rules or statutes. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513 (6th Cir. 2002).  Determination of the correct sanction for discovery misconduct is left to the broad discretion of the trial court.  *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976).  Courts must consider the state of mind of the party who destroys evidence when determining whether the imposition of sanctions is appropriate.  Courts evaluate conduct on a "continuum of fault," ranging "from innocence through the degrees of negligence to intentionality."  *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009) (quoting *Welsh v. United States*, 844 F.2d 1239, 1246 (6th Cir. 1988)).  Absent exceptional circumstances, courts generally do not dismiss an action or give an adverse inference instruction without consideration of whether the party acted in bad faith.  (*Id.*)

A district court may sanction a litigant for spoliation of evidence if the following conditions are satisfied: "First, the party with control over the evidence must have had an obligation to preserve it at the time it was destroyed.  Second, the accused party must have destroyed the evidence with a culpable state of mind.  And third, the destroyed evidence must be relevant to the other side's claim or defense." *Byrd v. Alpha Alliance Ins. Corp.*, 518 F. App'x 380, 383-84 (6th Cir. 2013).  "The party seeking the sanction bears the burden of proof in establishing these facts." *Id.* at 384.

The Court must be mindful to "impose a sanction that is proportionate to the seriousness of the infraction" under the particular facts of the case.  *In re Smartalk Teleservices, Inc.*, 487 F. Supp.2d 947, 950 (S.D. Ohio 2007).  The least severe sanction must be imposed, one that is commensurate with the degree of prejudice to the non-offending party.  *Pullins v. Klimley*, No. 3:05cv82, 2008 U.S. Dist. LEXIS 3467, at *6 (S.D. Ohio Jan. 7, 2008).

### III.  ANALYSIS

Plaintiff argues that this Court should issue an adverse jury instruction as a sanction for the spoliation of surveillance video footage and digital photographs of Plaintiff's injuries and cell.  (Doc. 177 at PageID 670).

**A. Relevance**

In order to sanction a litigant for spoliation of evidence, the destroyed evidence must have been relevant to the opposing party's claim or defense.  "[T]he party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed [or unavailable] evidence would have been of the

nature alleged by the party affected by its destruction." *Johnson v. Metro. Gov't of Nashville & Davidson County*, 502 F. App'x 523, 533-34 (6th Cir. 2012).

Federal Rule of Evidence 401 sets a low threshold for relevancy. *United States v. Worthington*, 145 F.3d 1335 (6th Cir. 1998). Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401(a). Both the "out-of-place" video footage and the digital photographs of Plaintiff's injuries and cell are clearly relevant evidence.

### B. Duty to Preserve

Next, Defendants must have had a duty to preserve the evidence. A duty to preserve "may arise when a party should have known that the evidence may be relevant to future litigation." *Byrd*, 518 F. App'x at 384 (quoting *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010)).

Defendants had an obligation to preserve all relevant evidence of the January 14, 2011 incident, including the surveillance video and still photographs. In *Taylor v. City of New York*, 293 F.R.D. 601, 601 (S.D.N.Y. Sept. 4, 2013), the court explained that the "[d]efendants should have reasonably anticipated that [p]laintiff would file a lawsuit…because the DOC has documented that, in the hundreds of other instances where inmates have been injured while in DOC custody, lawsuits by the injured inmates against the agency have invariably ensued."[2] Similarly, the January 14, 2011 incident is of the nature that habitually results in litigation.

---

[2] *Accord*: *Marcum v. Scioto Cty.*, No. 1:10-cv-790, 2013 U.S. Dist. LEXIS 18803, at *23-24 (S.D. Ohio Nov. 2, 2013).

However, the fact that this was a use of force incident that could result in litigation does not necessarily mean that LeCI had a duty to preserve the digital photographs or video footage of the "out-of-place" incident. First, the photographs of Plaintiff's cell and injuries were taken in accordance with Ohio Department of Rehabilitation and Correction ("ODRC") policy and procedure. (Doc. 181-1 at PageID 772-773). Correctional Warden Assistant Ellen Myers explained that:

> After taking the photographs, the staff member attaches the camera to a computer or a printer and prints the photographs out on a black and white printer. In 2011, LeCI did not have a color printer designated for the purpose of printing out photographs of this type. The black and white copies are then added to the use of force report.
>
> The file from the camera is not saved electronically on to a server or an individual computer. Once the photographs are printed out, the staff member checks the camera back in. The 2011 camera in question, no longer exists. Sometime after the incidents in 2011, all of LeCI's portable cameras were replaced. LeCI maintains copies of the photographs in black and white format as part of the use of force report.

(*Id.*) While the preservation of digital photographs may have been helpful to Plaintiff's case, the Court cannot discount LeCI's limited resources. This Court simply cannot conclude that LeCI had a duty to preserve digital photographs, since photographic evidence was preserved in accordance with ODRC policy and procedure.

With respect to the video footage, Ms. Myers explained that a use of force committee reviews *inter alia* the video footage to determine if it is either relevant and/or redundant. (Doc. 181-1 at PageID 773). ODRC preserved video footage that commenced at 18:33:54 or approximately 35 minutes before correctional staff arrived at Plaintiff's cell door at 19:09:25 and continued until approximately 19:27:52 or about 15

5

minutes after the incident had been resolved.  (Doc. 130).  Again, while the Court acknowledges that video footage of the "out-of-place" incident may have been helpful to Plaintiff's case, a duty to preserve arises "when a party should have known that the evidence may be relevant to future litigation." *Byrd*, 518 F. App'x at 384 (quoting *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010)).  The "out-of-place" incident occurred 30-40 minutes prior to the use of force incident.  (Doc. 3 at PageID 37). Therefore, it is reasonable to conclude that the use of force committee may not have even known about the "out-of-place" incident or recognized it as relevant to the use of force incident which occurred 30-40 minutes later.

Accordingly, Plaintiff fails to evidence that Defendants had a duty to preserve video footage of the "out-of-place" incident and digital photographs of Plaintiff's injuries and cell.

### C.  Culpable State of Mind

Even if Defendants had a duty to preserve video footage of the "out-of-place" incident and digital photographs of Plaintiff's injuries and cell, in order to sanction a litigant for spoliation of evidence the evidence must have been lost or destroyed with a culpable state of mind.

> To prove a culpable state of mind, a party must demonstrate that the alleged spoliator destroyed the evidence knowingly or negligently. A culpable state of mind, the Sixth Circuit has explained, depends on the alleged spoliator's mental state regarding any obligation to preserve evidence and the subsequent destruction.  This factor may be satisfied by a showing that the evidence was destroyed knowingly, even if without an intent to breach a duty to preserve it, but even negligent conduct may suffice to warrant spoliation sanctions under appropriate circumstances.

6

*Pollard v. City of Columbus*, No. C2-11-cv-286, 2013 U.S. Dist. LEXIS 135790, at *4 (S.D. Ohio Sept. 23, 2013). Accordingly, spoliation "fall[s] along a continuum of fault, ranging from innocence to intentionality." *Id.*

Defendants allege that "Plaintiff's claim does not appear to be one of destruction or spoliation but rather, one of not preserving evidence in the manner he desires." (Doc. 181 at PageID 784). The Court agrees. The video footage that was preserved and produced captured the entire use of force incident. While in retrospect, the Court finds that the "out-of-place" footage is relevant to Plaintiff's claim, Plaintiff has failed to show that Defendants deliberately lost or destroyed this evidence with a culpable state of mind.

With respect to the digital photographs, this evidence was preserved in accordance with ODRC policy and procedure. Eight hard copy photographs of Plaintiff's injury and five hard copy photographs of his cell were provided to Plaintiff's counsel. (Doc. 177-7 at PageID 741-747). The facts that LeCI only had a black and white printer to print photographs and that the file from the camera was not saved electronically onto a server or an individual computer do not support a finding that Defendants intentionally destroyed digital photographs.

Accordingly, Plaintiff has failed to evidence that Defendants destroyed the "out-of-place" footage and/or the digital photographs with a culpable state of mind.

## IV. CONCLUSION

Accordingly, for these reasons, Plaintiff's motion for sanctions (Doc. 177) is **DENIED**.

**IT IS SO ORDERED**.

Date: 10/22/14                         __/s/*Timothy S. Black*_____
                                                  Timothy S. Black
                                                  United States District Judge