UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN R. LOVETT,                     Case No. 1:11-cv-277

    Plaintiff,                           Judge Timothy S. Black

vs.

OFFICER STEVEN COLE, *et al.*,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S OMNIBUS MOTION IN LIMINE (Doc. 200)**

This civil action is before the Court on Plaintiff's omnibus motion *in limine* (Doc. 200) and the parties' responsive memoranda (Docs. 213, 215).[1]

Plaintiff moves the Court to exclude evidence and testimony concerning: (1) Plaintiff's prior convictions, including evidence of the convictions for which he is currently incarcerated; (2) unrelated lawsuits and grievances filed by Plaintiff; and (3) Plaintiff's prison disciplinary record, including any and all altercations with prison officials not related to the January 14, 2011 incident.

### I.    STANDARD OF REVIEW

"A ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Courts my aproperly deny or defer ruling on

---

[1] In this civil rights case, Plaintiff alleges that correctional officers at Lebanon Correctional Institution ("LCI") used excessive force against him on January 14, 2011, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

motions *in limine* where issues such as foundation, relevance, and potential prejudice require the context of the trial for resolution. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844 846 (N.D. Ohio 2004). Moreover, because *in limine* rulings are advisory in nature, a court may alter its ruling during the course of the trial. *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## II. ANALYSIS

### A. Prior Convictions

First, Plaintiff argues that evidence of his prior convictions, including the three felony convictions for which he is currently incarcerated, should be excluded because the probative value of this evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Federal Rule of Evidence 609 provides that criminal convictions are only admissible in limited circumstances – specifically, "subject to Rule 403." Fed. R. Evid. 609(a)(1)(A). Under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Unfair prejudice does not mean the damage to a [party's] case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006). A district court has broad discretion in making a Rule 403 determination. *U.S. v. Bonds*, 12 F.3d 540, 567 (1993).

The Sixth Circuit has laid out several factors to consider when deciding whether or not to admit evidence of a prior conviction: "(1) The impeachment value of the prior crime; (2) The point in time of the conviction and the witness' subsequent history; (3) The similarity between the past crime and the charged crime; (4) The importance of the defendant's testimony; and (5) The centrality of the credibility issue." *U.S. v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990). Evidence of other crimes or bad acts is not admissible "to prove the character of a person in order to show action in conformity therewith," although such evidence may be admissible for other purposes, including motive, intent, and knowledge. Fed. R. Evid. 404(b). Therefore, the evidence must be probative of a material issue other than character. *United States v. Hardy*, 228 F.3d 745, 750 (6th Cir. 2000).

### 1. Convictions more than 10 years old

First, Plaintiff claims that evidence of criminal convictions that occurred more than ten years ago (for which he was released in 2004), should be excluded.[2] "[C]onvictions over 10 years old will be <u>admitted very rarely and only in exceptional circumstances</u>." *United States v. Sims*, 588 F.2d 1145, 1148 (6th Cir. 1978) (emphasis added) ("[Stale convictions] often shed little light on the present tendency of the witness toward truthfulness and veracity."). *See, e.g., Freeman v. Collins*, No. 2:08cv71, 2014 U.S. Dist. LEXIS 10872, at *41-42 (S.D. Ohio Jan. 29, 2014) (granting the plaintiff's

---

[2] Plaintiff was incarcerated from 1996-2004 for kidnapping and aggravated robbery charges, separate and distinct from the charges for which he is currently incarcerated.

motion to exclude all evidence of the plaintiff's criminal convictions for which he was released over ten years ago).

The Court finds that the probative value of nearly twenty-year-old criminal convictions does not outweigh their prejudicial effect. Accordingly, evidence of Plaintiff's 1996 convictions is excluded.

### 2. *Convictions less than 10 years old*

Next, Plaintiff argues that evidence of criminal convictions less than ten years old, if permitted at all, should be limited. Defendants argue that the convictions for which Plaintiff is currently incarcerated are admissible for impeachment purposes.[3]

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully" *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005), and reflects the "proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993). However, while Plaintiff's credibility is central to this case, his convictions for rape, kidnapping, and aggravated robbery are only minimally probative of his ability to testify truthfully.

---

[3] The cases that Defendants cite in support of their argument pre-date substantive revisions of Rule 609. Specifically, the Advisory Committee notes from Rule 609's 1990 Amendment state that "[t]he amendment reflects the view that it is desirable to protect all litigants from the unfair use of prior convictions, and that the ordinary balancing test of Rule 403, which provides that evidence shall not be excluded unless its prejudicial effect substantially outweighs its probative value, is appropriate for assessing the admissibility of prior convictions for impeachment of any witness other than a criminal defendant.").

For example, in *Johnson v. Baker*, the plaintiff alleged excessive force by jail guards on the date of his arrest for criminal trespass. No. 1:08cv38, 2009 U.S. Dist. LEXIS 99475, at *2 (W.D. Ky. Oct. 26, 2009). The court excluded evidence of all convictions that occurred more than ten years ago, and permitted only limited evidence of the four prior convictions that took place within the ten year limit of Rule 609(b). *Id.* at 12-13. Specifically, the court permitted the defendants to ask the plaintiff only "if he was convicted of a felony in 1998 and three felonies in 1999." *Id.* at 12. The defendants were prohibited from mentioning the specific charges. *Id.* The court also gave the jury a limiting instruction following the questions relating to the plaintiff's prior convictions. *Id.* (instructing jurors that: "You have heard the testimony of [plaintiff]. You heard he was previously convicted of a felony. These earlier convictions were brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.").[4]

The crimes for which Plaintiff was convicted in 2009 and is currently incarcerated -- rape, kidnapping, and aggravated robbery -- are likely to incite the jury's emotions and prejudice their ability to remain impartial. *State of Ohio v. Lovett*, App. No. C-090884,

---

[4] *See also Freeman*, 2014 U.S. Dist. LEXIS 10872 at 38-39, n.2 ("Although Defendants may cross examine Plaintiff about these convictions for impeachment purposes, questioning must be limited to the fact that Plaintiff has been convicted of these various crimes and the resulting imprisonment, without any further detail."); *Hernandez v. Cepeda*, 860 F.2d 260, 264, n.5 (7th Cir. 1988) ("This type of emphasis on the plaintiff's convictions runs the risk of changing the focus of the trial from the alleged civil rights violations at issue to the plaintiff's criminal record. While the jury could consider Hernandez's convictions for impeachment purposes under Rule 609(b), it appears that the defendants impermissibly tried to use this evidence in an effort to inflame the jury's emotions against Hernandez. We strongly admonish counsel to refrain from this type of improper use of Rule 609(a) conviction evidence in the future.").

slip op. at 1 (Ohio App. Oct. 20, 2010) ("Following a bench trial, defendant-appellant Kelvin Lovett appeals his convictions for the rape, kidnapping, and aggravated robbery of an adult man."). Accordingly, the Court limits Defendants' questioning to the fact that Plaintiff was convicted of three felonies in 2009, which resulted in his current incarceration. Defendants are not permitted to mention the specific charges for which Plaintiff was convicted,[5] and the Court will offer a limiting instruction to the jury following such questioning.[6]

### B. Unrelated Lawsuits and Grievances

Next, Plaintiff maintains that grievances against prison officials based on incidents unrelated to the January 14, 2011 incident should be excluded to avoid unfair prejudice and confusion.

Defendants claim that evidence of Plaintiff's other lawsuits and grievances is probative of his motive in filing this lawsuit. Specifically, Defendants argue for the admission of evidence relating to a September 17, 2014 use of force incident – an incident that occurred over three and one-half years after the January 14, 2011 incident at issue here. Defendants argue that the September 17, 2014 incident is probative of "Plaintiff's motives in this case … Defendants plan to present evidence that Plaintiff intentionally takes steps to cause a use of force against him .…" (Doc. 213 at 5).

---

[5] Defendants shall not refer to Plaintiff as a "rapist," "kidnapper," or "robber" during trial, including during opening statement and closing argument.

[6] *U.S. v. Bell*, 516 F.3d 432 (6th Cir. 2008)) ("Once evidence is admitted under Rule 404(b), the Court must give a limiting instruction to the jury.") (emphasis supplied).

6

This Court's analysis of the admissibility of Plaintiff's other acts is guided by Rule 404(b). Rule 404(b) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such other-acts evidence, however, may "[b]e admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The Sixth Circuit follows a three-step process when evaluating admissibility of prior acts evidence under Rule 404(b): (1) "the district Court must decide whether there is sufficient evidence that the other act in question actually occurred"; (2) if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character"; and (3) if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Freeman*, 2014 U.S. Dist. LEXIS 10872 at 27-28. Rule 404(b) prevents Defendants from using lawsuits or grievances that occurred under different circumstances and were brought against different individuals to show bias or motive for filing the instant lawsuit. *Henderson v. Peterson*, No. 07-2838, 2011 U.S. Dist. LEXIS 76799, at *16-17 (N.D. Cal. July 15, 2011) (granting the prisoner-plaintiff's motion in an excessive force case to "preclude Defendants from presenting evidence concerning other complaints and lawsuits initiated by him that are unrelated to the incident forming the basis of this action," because "[a]s a general matter, unless the prior lawsuits have been shown to be fraudulent, the probative

7

value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the danger of jury bias").

Although the court in *Freeman* declined to exclude evidence of the plaintiff-prisoner's other lawsuits and grievances, the court's analysis shows that such evidence should be admitted only in limited circumstances -- circumstances that are not present in this case. Specifically, the court declined to exclude evidence of "approximately a dozen other lawsuits and numerous grievances" involving "cell extraction team[s] [being] called to remove [plaintiff] from a cell" because facts regarding plaintiff's removal from his cell were relevant to that case. 2014 U.S. Dist. LEXIS 10872 at 27-28. However, the court prohibited the defendants from "produc[ing] detailed evidence regarding the other lawsuits and grievances in the instant action as this would waste the jurors' time and create the danger that their attention would be directed from the issues on trial if there would be a trial of collateral issues regarding the incidents [the defendants] seek to offer as proof of motive, intent, and state of mind." *Id.*

The probative value of the September 17, 2014 incident is substantially outweighed by its potential prejudicial effect.[7] While both the January 14, 2011 incident and the September 17, 2014 incident are characterized as "use of force" incidents, the similarities stop there. Specifically: (1) the September 17 incident occurred nearly three and one-half years after the January 14 incident; (2) the September 17 incident is currently pending and has yet to be resolved; and (3) the September 17 incident involved

---

[7] "The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged." *Outley v. New York*, 837 F.2d 587, 592 (2d Cir. 1988).

a different institution, different correction officer, and different allegations from those involved here (*e.g.*, the September 17 incident alleges Plaintiff "came out of his cuffs" but the January 14 incident involves no allegation of escape).

Accordingly, the Court excludes evidence and argument relating to the September 17, 2014 incident.

### C. Prison Disciplinary Record

Finally, Plaintiff argues that Rules 403 and 404 prohibit the introduction of evidence of his disciplinary record and altercations with prison officials.

Defendants argue that in an Eighth Amendment case based upon excessive force, the claimant must establish as excessive, both the objective nature of the force and the subjective intent of the officers. "An Eighth Amendment claim requires a prison to satisfy both an objective component, which requires the pain that is inflicted to be 'sufficiently serious,' and a subjective component, which focuses on the state of mind of the prison official." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Defendants intend to present evidence regarding the threat perceived by the Defendants when they restrained Plaintiff and escorted him to the infirmary. Defendants also argue that evidence of Plaintiff's disciplinary record is relevant to the "subjective prong" of an excessive force case. In *Freeman*, the defendants raised virtually identical arguments to the ones raised here and the court found that the plaintiff's prison disciplinary records were admissible only if the records: (1) involved altercations with prison officials prior to the relevant incident at issue; (2) involved "altercations in which Plaintiff instigated the use of force"; and (3) the defendant(s) had personal knowledge of the prior altercation

9

involving the plaintiff's instigation of the use of force. *Freeman*, 2014 U.S. Dist. LEXIS 10872 at 32-36. Absent evidence of Defendants' personal knowledge of a specific, prior incident involving Plaintiff's instigation of use of force, evidence of his prior disciplinary record is inadmissible. *Id.* at 33.

In *Lewis v. Velez*, for example, the court found that none of the acts in plaintiff's disciplinary record reflected dishonesty or deceit, thus the disciplinary history was not probative of his credibility. 149 F.R.D. 474, 481 (S.D.N.Y. 1993) ("Without some 'other purpose' to justify admitting Mr. Lewis' disciplinary records, the defendants' argument regarding credibility boils down to an attempt to admit evidence of other bad acts to show Mr. Lewis is incredible due to his propensity for violence – the purpose explicitly prohibited by Rule 404."). Similarly, this Court declines to admit evidence of other bad acts to show Plaintiff is not credible due to his propensity for violence. *See, e.g., Davis v. Mason Cty.*, 927 F.2d 1473, 1484 (9th Cir. 1991) (finding that, in an excessive force case, evidence of the prisoner-plaintiff's instigation of a fight the previous day was inadmissible to show the prisoner-plaintiff's "proclivity for violence").[8]

Evidence of Plaintiff's prior and subsequent altercations with other prison officials is not admissible to show that he has a propensity or character for violence, that he had a tendency to react to authority in a particular way, nor that he was motivated to assault any

---

[8] *See also Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2nd Cir. 1991 ) (prior complaints against the defendant that allegedly showed his "sadistic, malicious, and aggravated state of mind… amount[ed] to no more than a veiled attempt to do what Rule 404(b) expressly prohibits – introducing evidence of bad acts to show the defendant's propensity to commit such acts").

of the Defendants on January 14, 2011. Accordingly, Defendants are prohibited from using Plaintiff's disciplinary record to show the same.

### III. CONCLUSION

Wherefore, for these reasons, Plaintiff's omnibus motion *in limine* (Doc. 200) is **GRANTED IN PART** and **DENIED IN PART** as set forth in this Order.

**IT IS SO ORDERED**.

Date: 11/7/14  *s/ Timothy S. Black*
Timothy S. Black
United States District Judge