UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KELVIN LOVETT,

    Plaintiff,

vs.

OFFICER STEVEN COLE, *et al.*,

    Defendants.

Case No. 1:11-cv-277

Judge Timothy S. Black

**ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. 238), TO APPOINT COUNSEL (Doc. 239), AND TO OBTAIN AN INDIGENT TRIAL TRANSCRIPT (Doc. 240)**

This civil action is before the Court on Plaintiff's motions for leave to appeal *in forma pauperis* (Doc. 238), to appoint counsel (Doc. 239), and to obtain an indigent trial transcript (Doc. 240).

This civil action came on before the Court for a four day jury trial. (Doc. 230). Plaintiff was represented by extraordinarily competent counsel. However, the jury returned a verdict for the Defendants. (Doc. 231). For these reasons, and pursuant to 28 U.S.C. § 1915(a), an appeal of the jury verdict would not be taken in good faith, and, therefore, Plaintiff may not proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3). Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d. 274, 277 (6th Cir. 1997). *See also* Fed. R. App. P. 24(a)(4).

Moreover, when not required by rule, whether to appoint counsel is within the sound discretion of the district court. *Williams v. Dutton*, 844 F.2d 790 (Table), at 81 (6th Cir. 1988). Plaintiffs in civil cases have no constitutional right to appointed counsel. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). The decision to appoint counsel is at the discretion of the district court and should be granted <u>only in exceptional circumstances</u>. *Id.* (emphasis supplied). This Court did appoint experienced counsel to represent Plaintiff at trial. However, because an appeal of the jury verdict would not be taken in good faith, the Court declines to appoint appellate counsel.

In *Griffin v. Illinois*, 351 U.S. 12 (1956), the Court deemed it a violation of the Fourteenth Amendment to deny a copy of a trial transcript to an indigent defendant, holding that one who was unable to pay the cost of obtaining such a transcript was precluded from obtaining appellate review of asserted trial error. However, *Griffin* has not generally been extended to civil cases, although courts make exceptions for those civil cases involving fundamental interests *See, e.g., M.L.B. v. S.L.J.*, 519 U.S. 102, 114, 116 (1996). This is not one of those exceptional cases.[1]

Accordingly, Plaintiff's motions for leave to appeal *in forma pauperis* (Doc. 238), to appoint counsel (Doc. 239), and to obtain an indigent trial transcript (Doc. 240) are **DENIED**.

---

[1] *See also United States v. MacCollom*, 426 U.S. 317, 325-326 (1976) (a prisoner is not entitled to a free transcript merely for the purpose of searching it for grounds for a possible application for post-conviction or habeas corpus relief).

**IT IS SO ORDERED.**

Date: 12/16/14

_Timothy S. Black_
Timothy S. Black
United States District Judge